**UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT**

Filed & Entered
On Docket
05/06/05

In re:

    **VIRGINIA R. FRYE,**                                         **Chapter 13 Case**
                **Debtor.**                                                 **# 05-10004**

*Appearances:*   *David W. Lynch, Esq.*                                    *Douglas J. Wolinsky, Esq.*
                          *Burlington, VT*                                              *Burlington, VT*
                          *Attorney for the Debtor*                          *Attorney for Union Bank*

**MEMORANDUM OF DECISION and ORDER
<u>GRANTING IN PART THE DEBTOR'S MOTION TO AMEND THE FINDINGS AND
DENYING MOTION TO AMEND THE JUDGMENT,
MAKE ADDITIONAL FINDINGS AND HEAR NEW EVIDENCE</u>**

       Union Bank sought relief from stay in accordance with the terms of a forbearance agreement that was entered into by the Debtor, the Debtor's husband, and Union Bank as consideration for the Debtor's voluntary dismissal of her previous chapter 13 bankruptcy case (the "Forbearance Agreement"). On February 24, 2005, this Court issued a Memorandum of Decision on Enforceability of Pre-Petition Agreement and Union Bank's Motion for Relief from Stay (doc. # 27) and accompanying order (doc. # 28) (cumulatively, the "February 24th Decision") in which the Court itemized ten factors it deemed relevant for determining whether a pre-petition waiver of the automatic stay is enforceable and made findings with respect to seven of the factors. After an evidentiary hearing on the three remaining factors, the Court issued an order granting Union Bank's Motion for Relief from Stay (doc. #46) and accompanying order (doc. # 47) (cumulatively, the "April 8th Decision"). The pertinent background facts and circumstances surrounding the execution of the Forbearance Agreement and this Court's determination that Union Bank is entitled to enforce the Forbearance Agreement are set forth at length in the Court's previous decisions and will not be reiterated here.

       On April 15, 2005, the Debtor filed a Motion to Amend Findings and to Make Additional Findings and Amend the Judgment and Motion to Hear New Evidence (doc. # 50) (the "Motion to Amend"). In the Motion to Amend, the Debtor requests that the Court amend and/or make new findings that: (1) the Debtor has equity in the properties subject to foreclosure; (2) the proposed amended plan (the "Amended Plan") provides for payments to be made to the benefit of Union Bank and other creditors pending the refinancing of the Debtor's properties; and (3) the Amended Plan is feasible. The Debtor further requests that the Court consider new evidence that the Debtor has obtained promises of additional funding and that the Debtor has satisfied several of the contingencies contained within the "commitment" letters the Debtor presented at the evidentiary hearing.

Union Bank responded to the Motion to Amend (doc. # 51) asserting that many of the Debtor's arguments elevate form over substance, denying the merit of most of the Motion to Amend, and insisting that even if the Debtor could establish the legitimacy of her "new" arguments it would not alter the conclusions set forth in the April 8th Decision. The one point on which the Debtor and Union Bank agree is that the April 8th Decision needs to be amended to reflect that Union Bank has sought relief from stay on the Frye Home Farm and not on the 57-acre Family Lot.

The Court grants the Motion to Amend to correct this erroneous property reference, and denies the remainder of the Motion to Amend, for the reasons set forth below.

## STANDARD OF REVIEW

The Bankruptcy Rules incorporate many procedures of the Federal Rules of Civil Procedure. Bankruptcy Rule 9023, which pertains to motions for new trials and for amendment of judgments, incorporates Rule 59 of the Federal Rules of Civil Procedure, except as provided in Bankruptcy Rule 3008 (which is not applicable here). In general, "[a] motion to rehear or reconsider will be construed as a motion to alter or amend a judgment under Fed.R.Civ.P. 59(e)." In re Crozier Bros., Inc., 60 B.R. 683, 687 (S.D. N.Y. 1986). Rule 59 provides, in relevant part:

> (a) **Grounds.** A new trial may be granted to all or any of the parties on all or part of the issues
> ...
>> (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.
>
> ...
> (e) **Motion to Alter or Amend Judgment.** Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.

FED.R.CIV.P. 59.

Reconsideration under FED.R.CIV.P. 59(e), made applicable here by Bankruptcy Rule 9023, is warranted when there has been a clear error or manifest injustice in an order of the court or if newly discovered evidence is unearthed. See Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir.), cert. denied, 464 U.S. 864 (1983). To prevail, the Debtor must show that the court overlooked factual matters or controlling precedent "that might have materially influenced its earlier decision." Robins v. Max Mara, U.S.A., Inc., 923 F.Supp. 460, 473 (S.D. N.Y.1996). This criterion is strictly

construed against the moving party. <u>Monaghan v. SZS 33 Assocs., L.P.</u>, 153 F.R.D. 60, 65 (S.D. N.Y.1994); <u>New York News Inc. v. Newspaper & Mail Deliverers' Union,</u> 139 F.R.D. 294, 294-95 (S.D. N.Y.1991), <u>aff'd sub nom</u>, <u>New York News Inc. v. Kheel</u>, 972 F.2d 482 (2d Cir.1992).

<u>REQUEST FOR ADDITIONAL FINDINGS</u>

A.    **Value of the Subject Parcels**

The Debtor claims that the Court should make additional findings determining the value of the properties that are the subject of Union Bank's motion for relief from stay (the "Subject Parcels"). The Debtor presented evidence of valuation at the evidentiary hearing. A motion to reconsider should not give the Debtor, as the moving party, another bite at the apple by permitting argument on issues that could have been or should have been raised prior on the original motion. <u>Arms v. Keybank (In re Arms)</u>, 238 B.R. 259, 261 (Bankr. D. Vt. 1999) (Krechevsky, J.). A motion for reconsideration is not a "forum for new theories or for 'plugging the gaps of a lost motion with additional matters.'" <u>CMNY Capital, L.P. v. Deloitte & Touche</u>, 821 F.Supp. 152, 162 (S.D. N.Y.1993). Further, in the April 8th Decision, this Court found that although Union Bank had not met its burden in establishing that the Debtor had no equity in the properties, the balance of the factors supported allowing Union Bank to enforce the Forbearance Agreement (doc. # 46, at 6-7). Thus, even if the Debtor were able to persuade the Court to make the additional findings on valuation of the properties, it would not change or materially influence the holding of the April 8th Decision. Therefore, the Debtor has not met her burden for reconsideration of this issue.

B.    **Feasibility of Plan and Benefit to Creditors**

The Debtor requests the Court reconsider its finding in the April 8th Decision that the Amended Plan is not feasible. However, the Debtor presents no new evidence in support of her request and merely reiterates the evidence she previously presented. In the April 8th Decision, the Court did not expressly acknowledge that the Amended Plan would pay the IRS and her unsecured creditors in full if the sales of certain property were successfully closed. However, the absence of this recitation does not warrant reconsideration of the April 8th Decision. The Court analyzed the feasibility of the Amended Plan as a whole, observing that the Amended Plan contained no alternative provisions in the event that the refinancing or sales do not occur as projected; the Debtor does not dispute the accuracy of that observation. The Court also referred to the long lending relationship between Union Bank, the Debtor and Mr. Frye, and made note of the delicate balance between the Debtor's desire for financial rehabilitation

under the current chapter 13 case and her past experiences with Union Bank, specifically taking into account the sanctity of the Debtor's right to a fresh start (doc. # 46, p.6). Based upon the record, and weighing all the evidence before it, the Court determined that the Debtor had not demonstrated an "effective" reorganization is likely. The Debtor has offered no new evidence to persuade the Court otherwise. Hence, the Motion to Amend with respect to the Court's findings on the feasibility of the Amended Plan is denied.

The Debtor also contends that the Court incorrectly concluded that the Subject Parcels are not necessary for an effective reorganization. This argument disregards the Court's explicit finding that an "effective" reorganization in this case is unlikely. The Debtor must demonstrate that reorganization is likely as a pre-requisite for the argument that certain property is necessary for an effective reorganization. See United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd., 484 U.S. 365, 375, 108 S.Ct. 626, 633 (1988). Because the Debtor presents no new evidence that demonstrates that an effective reorganization is even likely, the Motion to Amend based upon the properties being necessary for the Debtor's reorganization is denied.

**C.     Payments Pending Refinancing**

The Debtor asks the Court to reconsider its finding in the April 8th Decision that "None of the payments to the chapter 13 trustee would be forwarded to Union Bank. Rather, Union Bank would receive payment only upon the refinancing or sale of certain properties." (doc. # 46, p. 2). The evidence on this point is less than clear. Although the Court has heard and read the arguments of counsel with respect to the monthly payments contemplated by the Amended Plan during the period that the refinancing is pending, the arguments of counsel do not constitute evidence. There was no evidence presented on this point. Moreover, the Amended Plan does not affirm what portion, if any, of the monthly payments made to the Trustee would flow to Union Bank. Further, the Amended Plan indicates that the amount of arrears due and owing to Union Bank is undetermined. The Amended Plan does not state that the Debtor will continue to make monthly payments to Union Bank while the proposed refinancing is pending, or the amount or application of any such payments. Therefore, the Court reaffirms its finding that there is nothing in the record to establish what amount, if any, would flow to Union Bank through the Amended Plan prior to consummation of the refinancing or sale. Accordingly, the Court denies the Debtor's request that the Court make additional findings on this point.

### REQUEST TO RE-OPEN HEARING AND CONSIDER NEW EVIDENCE

The Debtor urges the Court to re-open the presentation of evidence to consider a "new" commitment from NCIC. Although Mr. Frye has submitted an affidavit attesting and referring to the commitment as attached, it is not attached and is thus not before the Court. As a result, the Court is unable to determine whether the NCIC commitment to which Mr. Frye refers is new evidence or is the same "commitment letter" that was before the Court during the evidentiary hearing. Even assuming *arguendo* that this commitment is new and is in fact a firm commitment to lend, the Debtor has failed to establish that the commitment would materially change the Court's determination that Union Bank is entitled to enforce the Forbearance Agreement under the ten salient factors the Court identified in the February 24th Decision. Monaghan, 153 F.R.D. at 65. For this reason, the Court denies the Debtor's request to re-open evidence for the Court to consider new evidence.

### ADDITIONAL PROTECTION FOR UNION BANK

In the Motion to Amend, the Debtor asserts that the Court should reverse its previous decision and deny relief to Union Bank because she is in a position to provide additional protection to Union Bank at this time. The Debtor posits that she and Mr. Frye "could resume making payments to [Union Bank] pending the refinance of the properties." (p.6). This might be relevant if the relief Union Bank sought was the garden variety relief from stay under § 362(d)(1). However, it was not. Rather, Union Bank sought a court order authorizing it to enforce the terms of the Forbearance Agreement under which the Debtor agreed that Union Bank would be entitled to *ex parte* relief from stay in the event the Debtor filed another bankruptcy petition. The Debtor did file another bankruptcy case and Union Bank filed a motion to enforce its contractual right to relief from stay. The question of whether the Debtor is now ready, willing and able to make adequate protection payments is beside the point. After a thorough analysis of the relevant facts presented to date and an application of the salient factors to those facts, the Court remains persuaded that there is no legal or equitable basis for releasing the Debtor from the contract she made. Accordingly, the Debtor's request to amend the judgment based upon her offer of adequate protection is denied. In re Arms, 238 B.R. at 261.

## CONCLUSION

Based upon the record in this case, the history between the Parties, the terms of the Forbearance Agreement, the evidence presented at the hearing, the findings of fact and conclusions of law in the February 24th Decision and the April 8th Decision, the provisions of the Amended Plan, and the arguments presented in the instant motion and response,

IT IS HEREBY ORDERED that the Motion to Amend (doc. # 50) is granted to correct the April 8th Decision to the extent the Court granted relief to Union Bank on the 57-acre Family Lot as opposed to the Frye Home Farm. Accordingly, a corrected order granting relief from stay to Union Bank shall be issued reflecting a grant of relief on the Frye Home Farm, vacating the relief from stay it granted to Union Bank, in error, on the 57-acre Family Lot in the prior order (doc. #47), and correcting the Memorandum of Decision (doc. # 46) to identify the correct property.

IT IS FURTHER ORDERED that the remaining relief sought in the Motion to Amend (doc. #50), namely that the Court make new findings, compel the bank to accept adequate protection payments in lieu of proceeding to enforce its lift stay relief, and hear new evidence, is DENIED.

**SO ORDERED.**

May 6, 2005
Rutland, Vermont

Colleen A. Brown
United States Bankruptcy Judge